■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENTLEY THOMPSON, Appellant. — Motion by the People to resettle an order of this court, dated June 7, 1982, which modified the defendant's sentence (*People v Thompson,* 88 AD2d 939). We deem the motion to be in the nature of reargument. On November 26, 1979, defendant offered to plead guilty to manslaughter in the first degree in full satisfaction of Kings County Indictment No. 2824-1978, which charged him, *inter alia,* with murder in the second degree. During the plea proceedings, the court informed defendant that he would receive a sentence of from 8⅓ to 25 years' imprisonment. Moreover, in explaining his consent to the reduced plea, the prosecutor stated on the record, *inter alia,* that the plea was acceptable to the People in view of "the term of imprisonment Your Honor will stipulate to". Thereafter, a sentence of from 8⅓ to 25 years was imposed. Defendant appealed on the ground that the sentence was excessive. Upon careful review of the facts of this case, we agreed and modified the sentence by reducing it to a term of imprisonment with a minimum of 3⅓ years and a maximum of 10 years. The People opposed defendant's application for a reduction in sentence solely on the ground that the sentence imposed was not excessive. The People now move for reargument. It is beyond cavil that this court, being empowered to modify a sentence "as a matter of discretion in the interest of justice" (CPL 470.15, subd 6), may substitute its own discretion for that of a sentencing court. "The power to substitute discretion helps us to meet recommended sentence review standards by making any disposition the sentencing court could have made, except an increased sentence * * * Without the substitution power, our ability to rectify sentencing disparities, reach extraordinary situations, and effectively set sentencing policy through the development of sentencing criteria, would be sorely handicapped" (*People v Suitte,* 90 AD2d 80, 86 [opn per Lazer, J.]). Trial courts are likewise free to exercise their discretion at the time of sentencing and are not legally bound to impose the sentence which had been agreed upon at the time of the negotiated plea. However, if the court wants to impose a sentence in excess of that promised,

defendant must be accorded an opportunity to withdraw his plea. Recognition must also be accorded to the People's concomitant right to withdraw their consent to the plea in the event that the sentence sought to be imposed is less than that originally negotiated by the parties (*People v Farrar*, 52 NY2d 302; *People v Biagini*, 87 AD2d 634). The record in the instant case plainly demonstrates that the People's consent to the reduced plea was conditioned upon the imposition of a sentence of from 8⅓ to 25 years. It would thus be inappropriate for us to modify the sentence without first affording the People an opportunity to withdraw their consent to the plea. Accordingly, the motion for reargument is granted and, upon reargument, the decision and order of the court, both dated June 7, 1982 are recalled and vacated and the following decision is substituted: Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Felig, J.), imposed January 3, 1980, upon his conviction of manslaughter in the first degree, upon his plea of guilty, the sentence being a term of imprisonment with a minimum of 8⅓ years and a maximum of 25 years. Sentence vacated, as a matter of discretion in the interest of justice, and case remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. In our view, the sentence was excessive and should be reduced to a term of imprisonment of 3⅓ to 10 years. However, the People consented to the plea, in part, upon the court's promise to impose a sentence of 8⅓ to 25 years. Therefore, we vacate the sentence and remit the case to Criminal Term for further proceedings, at which the People shall be afforded the opportunity to withdraw their consent to the plea agreement. Should the People opt for a withdrawal, the defendant's plea shall be vacated and he shall be permitted to plead anew. Should they decline to do so, then Criminal Term shall impose a sentence consistent with our directives herein. Titone, J. P., Weinstein, O'Connor and Rubin, JJ., concur.