OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, by vacating the sentence, and the case remitted to Supreme Court, New York County, with instructions to re-sentence appellant before a different Judge.
Charged with attempted murder and several related offenses, appellant proceeded to trial before a jury, and after summations pleaded guilty to attempted murder and criminal possession of a weapon, in full satisfaction of the indictment. As part of the bargain, the People promised not to take any position at the time of sentencing, a promise which was placed on the record. When at sentencing before the same Trial Judge the prosecutor began to address the court, defense counsel objected. The court ruled him out of order and told him not to interrupt. The prosecutor then reminded the court of the People’s promise not to take any position as to appellant’s sentence, declared that the People were not taking any position, and proceeded to add the following:
“I just wanted to say, your Honor, the Court is well aware this is a very very serious case and that this defendant, after he committed the crimes for which he was indicted, took flight for a period of some 16 to 17 months, and in a further and continuing effort to avoid responsibility for his acts, he took the stand at his trial and committed perjury.
*754 “I have nothing further to say, your Honor.”'
In Santobello v New York (404 US 257), the Supreme Court held that a prosecutor must adhere to a promise not to make a sentence recommendation where it is given as a condition to a guilty plea. Such a promise is breached not only by the recommendation of a specific sentence but also by the implicit conveyance of the People’s position as to the appropriate punishment. (See People v Di Tullio, 85 AD2d 783; Commonwealth v Alvarado, 442 Pa 516; Burroughs v State, 30 Md App 669.)
The prosecutor’s remarks at sentencing violated his promise. The People’s argument that the statements constituted a mere introduction is unpersuasive. His few remarks, characterizing the case as “very very serious” and noting appellant’s flight and perjury, were tantamount to a request for a substantial prison term, in derogation of the People’s promise. We need not consider whether the breach of promise had an actual impact on the length of the sentence imposed by the trial court, for such consideration is not relevant in fixing the appropriate remedy. (See Santobello v New York, 404 US 257, 262-263, supra.)*
As a remedy, appellant requests the option of withdrawing his guilty plea. While such relief may be necessary in some circumstances to restore a defendant to his presentence position, it is not required here. Appellant can receive the benefit of his bargain through resentencing before a different Judge. (See People v Santobello, 39 AD2d 654.) Further, vacatur of appellant’s guilty plea more than six years after the crime would be unduly prejudicial to the People, who relied on the plea to their detriment by abandoning, after a trial of two weeks and closing argument, their efforts to obtain a jury verdict in favor of a plea of guilty to the top count in the indictment.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
*755 Order modified and case remitted to the Supreme Court, New York County, for resentence in accordance with the memorandum herein and, as so modified, order affirmed.

 For this reason, counsel’s failure to renew his objection after the prosecutor’s remarks is inconsequential. Defense counsel attempted to interpose an objection prior to the prosecutor’s remarks at sentencing, which was the point when the error could have been avoided.