■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL E. DEMERS, Appellant. — Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered November 21, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the second degree.

On October 11, 1983, defendant was arrested and charged with criminal possession of marihuana in the first degree, criminal possession of a weapon in the fourth degree and growing

marihuana without a license in violation of section 3382 of the Public Health Law. Defendant waived indictment and consented to prosecution by Superior Court information (CPL 195.10). On October 26, 1983, after plea bargaining, defendant entered a plea of guilty to criminal possession of marihuana in the second degree in satisfaction of all charges. At that time the District Attorney stated that "at the time of sentence the district attorney's office would not ask for time but that we would ask that the court follow the recommendations of the Franklin County Probation Department". At that proceeding, the trial court explained the ramifications of defendant's plea and specifically advised him that the sentence could be up to seven years. The court further advised defendant that: "although the district attorney will not be asking that you receive time at the time of sentencing, that is not binding upon this court and that the court can sentence you to any of the sentences that I previously informed you of." Defendant, on that occasion, conceded that no one had promised any specific sentence.

After receiving the probation department's presentence report which recommended a jail sentence, the trial court imposed an indeterminate sentence of incarceration with a minimum of two years and a maximum of six years. At the sentencing, there was no objection by defendant nor was there a motion to withdraw his plea.

On appeal, defendant appears to contend that there was an agreement that in exchange for his plea of guilty to a reduced charge he would not receive a sentence requiring his incarceration. However, the record is manifestly clear that no such agreement took place. The trial court specifically advised defendant that it would discharge its responsibility to sentence defendant in accordance with any of its prerogatives in spite of the fact that the prosecution would not urge incarceration. It is equally clear that the prosecutor stated that, although he would not independently recommend incarceration, he would urge the trial court to follow the recommendation of the probation department. The probation department recommended incarceration and the prosecutor did not make any recommendation at the sentencting.

Well-established law is that a sentence for a criminal action is solely within the discretion of the court (*People v Farrar*, 52 NY2d 302, 308). Even though the People and defendant agree to a sentence, the agreement is not binding upon the court (*People v Thompson*, 91 AD2d 672, mod 60 NY2d 513). In this instance, there was no agreement. The trial court carefully, fairly and fully advised defendant of the consequences of his plea and properly accepted his plea (*People v Burgos*, 88 AD2d 727).

Defendant's remaining contention is that the sentence was unduly harsh and excessive. Defendant has a record of prior convictions including two felony convictions. He has two convictions relating to controlled substances. We find no abuse of discretion in the sentence imposed by the trial court.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.