■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR STRIPLING, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Crew, III, J.), rendered August 7, 1986 in Chemung County, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

On March 4, 1986, defendant and three other individuals broke into a house in the City of Elmira, Chemung County, where they injured the person who lived there and then purportedly took property with a value in excess of $1,500. Defendant was indicted for the crimes of burglary in the first degree and grand larceny in the second degree. Defendant subsequently pleaded guilty to the crime of burglary in the first degree in full satisfaction of the charges against him. At

that time, the Assistant District Attorney agreed that he would not make a recommendation as to sentencing. Supreme Court stated that the maximum sentence it would impose on defendant, a predicate felon, would be a term of imprisonment of 7½ to 15 years. Defendant was subsequently sentenced to 6 to 12 years. This appeal ensued.

Defendant contends that the Assistant District Attorney violated the terms of the plea bargain by making remarks regarding the sentence to be imposed upon defendant. Where a prosecutor promises as a condition of a guilty plea not to make a sentence recommendation, he or she must adhere to that promise *(Santobello v New York,* 404 US 257; *People v Torres,* 67 NY2d 659; *People v Tindle,* 61 NY2d 752). The following relevant colloquy took place at the sentencing between Supreme Court and the Assistant District Attorney.

"THE COURT: Mr. Levins, do you wish to be heard before I sentence the Defendant?

"MR. LEVINS: Yes, your Honor, the Defendant committed this crime while on probation for the crime of Grand Larceny in the 3rd degree.

"THE COURT: Excuse me, I apologize. My indication is both at the pre-trial conference notes and at the 7-16-86 appearance, that the District Attorney would take no position at all at sentencing. So, strike that from the record. I am not inquiring as to whether or not you have a position."

Significantly, defendant did not object to these remarks *(cf., People v Torres, supra,* at 661; *People v Tindle, supra,* at 754, n).* In the absence of a timely objection, an issue is generally not preserved for appellate review *(see, People v Nuccie,* 57 NY2d 818). While this court has discretionary power to review in the interest of justice an error for which no objection was made (CPL 470.15 [3] [c]; *People v Cona,* 49 NY2d 26, 33), we do not believe that the prosecutor's innocuous remark merits such consideration. It is apparent from the record that the prosecutor was not permitted to take any position, even if he had intended to do so. The only information given by him was already before the court in the form of a presentence report.

Defendant's further contention that the sentence imposed was harsh and should be reduced in the interest of justice is meritless. The sentence was less than the potential maximum agreed to in the plea bargain, and neither an abuse of discretion nor extraordinary circumstances meriting a reduction of the sentence has been shown *(see, People v Quick,* 122 AD2d 296, 299, *lv denied* 69 NY2d 715).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.