THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RUBIN RODRIGUEZ, Defendant.

Supreme Court, Bronx County, October 6, 1988

## APPEARANCES OF COUNSEL

*Paul Gentile, District Attorney (Raymond Vallejo* of counsel), for plaintiff. *Robert Koppelman* for defendant.

## OPINION OF THE COURT

PHYLIS SKLOOT BAMBERGER, J.

This court, after a hearing, grants a motion to vacate a sentence. (CPL 440.20.) The sentence of 3⅓ to 10 years' imprisonment, imposed on petitioner on October 24, 1972, pursuant to a plea of guilty, failed to fulfill a sentence promise of "zip to ten." The "zip to ten" sentence was an authorized term at the time sentence was imposed, however, the correction in sentence could not be made until this time because petitioner was a fugitive.

The remaining question is the relief to be granted petitioner. Prior to the filing of this opinion, and therefore without knowledge as to whether this court would find the existence of a sentence promise or whether it was unfulfilled, the parties advised the court they had agreed to an imposition of a term of 2 to 6 years' imprisonment. Now that the court has

found an unfulfilled sentence promise, this court has considered the proposed new agreement but rejects the sentence newly agreed upon by counsel.

When fashioning an appropriate remedy, "the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society." *(People v Kelly,* 62 NY2d 516, 520 [1984]; *People v Tindle,* 61 NY2d 752 [1984].) In accord with this principle, the remedy for the failure to fulfill a sentence promise has been either to permit withdrawal of the plea, or to impose the promised sentence. The matter is left for the trial court's discretion in consideration of the circumstances of the case. *(Santobello v New York,* 404 US 257 [1971]; *People v Torres,* 45 NY2d 751 [1978]; *People v Selikoff,* 35 NY2d 227, 239-240 [1974], *cert denied* 419 US 1122 [1975], explaining *People v Esposito,* 32 NY2d 921 [1973]; *People v Carter,* 134 Misc 2d 878, 885 [Sup Ct, Kings County 1987].) The trial court must determine which remedy restores the defendant to his presentence position, without enhancing it, while preventing prejudice to other participants in the process. *(People v Torres,* 67 NY2d 766 [1986]; *People v Tindle, supra; People v Santobello,* 39 AD2d 654 [1st Dept 1972]; *see, e.g., People v Pinaud,* 132 AD2d 580 [2d Dept 1987], *lv denied* 70 NY2d 802 [1987]; *People v Carter,* 134 Misc 2d, *supra,* at 885-886.) A remedy which goes beyond what is necessary to accomplish the purpose of the relief is an abuse of discretion. *(See, People v Kelly,* 62 NY2d 516, *supra.)*

Here, the purpose of the remedy is the fulfillment of the promise; to restore the defendant to the position that he would have been in if the promise his attorney had arranged for him had been carried out. The remedy that would restore defendant to his presentence status is the imposition of the promised sentence. Accordingly, the court rejects the imposition of the requested 2-to-6-year term of custody as beyond its discretionary power.

Even if the court had the discretion to modify the original promise, the proposed sentence is also inappropriate here. The defense has produced no information to justify imposition of the proposed term of 2 to 6 years in custody. In 1972 the prosecutor and the defense found the "zip to ten sentence" an agreeable sentence. Defendant's lengthy fugitive status, which can be used by the Parole Board to go above the guidelines for fixing the minimum sentence, surely does not justify a lower maximum term than the 10 years originally promised. In the period between 1972 and the present, the defendant has been

convicted again for a drug law violation and this fact, too, requires rejection of the proposed 2-to-6-year term. There is a due process requirement for imposing the sentence that was promised in 1972, but the interests of the community and society are not protected by a sentence of 2 to 6 years.

The writ is granted; the indeterminate sentence of 0 to 10 years' imprisonment is imposed.