■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MULLER, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered April 9, 1990, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

In October 1989, defendant was involved in a burglary in the Village of Malone, Franklin County. Defendant cooperated with the police and he and his attorney commenced plea-bargaining negotiations with the District Attorney's office. The agreement arrived at was as follows: defendant consented to be prosecuted by a two-count superior court information. Further, defendant agreed to plead guilty to one count of grand larceny in the fourth degree in full satisfaction of that information. In exchange, the District Attorney's office consented to recommend to County Court whatever sentence was recommended by the Probation Department in its report even though County Court itself would not be bound by the report and promised to take into consideration the Probation Department's recommendation.

At sentencing, it was revealed that the Probation Department recommended a split sentence involving some jail time, probation and participation in an alcohol abuse treatment program. When County Court asked for counsel's remarks, the Assistant District Attorney stated as follows: "Your Honor, I think the Probation Department has done an excellent job with this report. I think their *[sic]* recommendation goes out of its way to do with what *I would consider a last ditch effort* in this case to try to turn the defendant into a productive and law-abiding citizen. *His record not only of this incident but of the recent past is not very encouraging here, and the attitude that's been shown does not also seem to be encouraging.* I will

*with some reluctance * * * agree with the recommendations of the probation report with the hope that the many specifics that they have laid out could avoid a repetition of these incidents" (emphasis supplied). Following the conclusion of these remarks, defense counsel immediately objected stating that the plea bargain agreement as he understood it was merely for the People to recommend the Probation Department's report and not to do so "with reluctance". Notwithstanding this objection, County Court proceeded to sentence defendant to an indeterminate prison term of 1⅓ to 4 years. This appeal followed.

In our view, County Court erred in not ordering defendant to be sentenced by a different Judge following the objection by defense counsel. The People's remarks, while perhaps not technically violating the letter of the plea bargain agreement, almost certainly violated the spirit of the bargain by virtually damning defendant with faint praise. Similar to the situation presented in *People v Tindle* (61 NY2d 752), the People here violated their promise to take a certain course at sentencing by making implicit remarks that "were tantamount to a request for a * * * prison term, in derogation of the People's promise" to make a very specific recommendation *(supra,* at 754). Since we find that the People violated their promise to defendant, the appropriate course at this point is to remit the matter for resentencing before a different Judge *(see, supra; see also, People v Torres,* 67 NY2d 659). In doing so, we take no position as to the appropriateness of the sentence that was ultimately imposed by County Court; we merely remit in order to ensure that no possible prejudice accrued to defendant as a result of the People's error *(see, People v Tindle, supra).*

Mahoney, P. J., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Franklin County for resentencing before a different Judge; and, as so modified, affirmed.