■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK P. JASIEWICZ, Appellant. [597 NYS2d 242] —Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered July 20, 1992, convicting defendant upon his plea of guilty of the crime of criminal mischief in the third degree.

Defendant was sentenced to a term of imprisonment of 1 to 3 years and was ordered to pay restitution. On appeal defendant contends that the People reneged on their commitment to follow the recommendation of the Probation Department as to sentence and that County Court abused its discretion in sentencing defendant to a prison term rather than probation.

The Probation Department recommended six months' incarceration, five years' probation, restitution and mental health and substance abuse counseling. At sentencing, the District Attorney stated that "there isn't any question that [defendant] needs serious counseling". After then reviewing defendant's numerous criminal convictions, the District Attorney then said, "Something has to be done to help this defendant stop this type of behavior. I'm surprised quite frankly that the Probation Department recommended probation, but I think in a large part of that recommendation was their thought that this defendant needs some very serious mental health treatment and counseling, and our commitment was of course to follow the probation recommendation." We find that, while the People followed the letter of the plea-bargain agreement, they violated the spirit of that agreement by implicitly indi-

cating that the Probation Department should have recommended a harsher sentence *(see, People v Tindle,* 61 NY2d 752; *People v Muller,* 174 AD2d 838, 839). The matter should therefore be remitted for resentencing before a different Judge *(see, supra).* In light of our decision we need not reach any other issue.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Franklin County for resentencing before a different Judge; and, as so modified, affirmed.