(July 9, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. OAKES, Appellant. [675 NYS2d 407] —Mikoll, J. P. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered July 14, 1997, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant's guilty plea to the crime of felony driving while intoxicated was entered following negotiations wherein the District Attorney agreed to recommend that County Court follow the sentencing recommendation of the presentence report.

The presentence report recommended that defendant "be sentenced to a period of incarceration. The incarceration options available included up to one year in the county penitentiary, six months incarceration and five years probation, or a state prison term."

At sentencing, County Court afforded the People an opportunity to be heard, noting their earlier commitment. The District Attorney addressed the court as follows: "Your Honor, the probation report recommends a period of incarceration, notes that this is the third DWI felony conviction and that there's a community safety issue here. My understanding of [defendant] is that he is not a bad person sober, but he can't stay sober. He also can't seem to refrain from drinking. Various things have been tried, and I think in light of the fact that sentencing is limited and [defendant] is very young that we need to continue to try to fashion some type of sentence that will work toward [defendant] not doing this again. I don't know if there's one that exists. *Perhaps this time the services of the Department of Corrections and a facility such as Chateaugay or whatever which offer comprehensive inpatient, have to be [their] type of treatment might be the answer. It seems kind of a waste just to send him to a year in county jail, then have him out running the roads and drinking again.* Whatever it is the court feels is appropriate I think that we have to try to make strides towards [defendant] addressing his serious problem. There's no denying he's an alcoholic. There's no denying he has a serious problem with drinking and driving, and I think you need to fashion something that hopefully will put at end to it. Thank you" (emphasis supplied). County Court then sentenced defendant to the harshest period of incarceration, 1⅓ to 4 years in State prison, and a $2,500 fine.

We note at the outset that defendant did not object to the District Attorney's remarks at the time of sentencing, thus failing to preserve the issue for appellate review (*see, People v Stripling*, 136 AD2d 772, 773). We reach the issue in the interest of justice, however (*see,* CPL 470.15 [3] [c]; *People v Cona*, 49 NY2d 26, 33), particularly as this is the third occasion upon which we have confronted this precise issue involving the same court and District Attorney (*see, People v Jasiewicz*, 192 AD2d 999;* *People v Muller*, 174 AD2d 838).

In *People v Jasiewicz (supra)*, we vacated the sentence and remitted the matter for resentencing before a different Judge where the District Attorney made a similar promise with re-

---

* It is unclear from our decision in *People v Jasiewicz (supra)* whether the defendant objected to the prosecutor's comments therein.

spect to the recommendation of the Probation Department and we found that, despite following the letter of his agreement, he had violated its spirit by comments which implicitly recommended a harsher sentence. We took the same action in *People v Muller (supra)* upon a finding that the People violated their promise by making remarks " 'tantamount to a request for a * * * prison term, in derogation of the People's promise' " (*id.,* at 839, quoting *People v Tindle,* 61 NY2d 752, 754; *see, People v Torres,* 67 NY2d 659).

The remarks at issue here are at least as, if not more, objectionable than those in *Jasiewicz* and *Muller (supra)*. The District Attorney expressly stated that "[i]t seems kind of a waste just to send him to a year in county jail" and suggested the services of the Department of Correctional Services, obviously requiring a State prison term. These comments, like those in *Jasiewicz* and *Muller,* violate the clear mandate of the US Supreme Court in *Santobello v New York* (404 US 257) that a prosecutor must honor a promise with respect to a sentencing recommendation made during plea negotiations. "Such a promise is breached not only by the recommendation of a specific sentence but also by the implicit conveyance of the People's position as to the appropriate punishment" (*People v Tindle, supra,* at 754).

In view of our decision, we do not reach defendant's remaining contention.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Franklin County for resentencing before a different Judge; and, as so modified, affirmed.