■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. BITTNER, Appellant. [677 NYS2d 399] —Yesawich Jr., J.

Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 23, 1997, convicting defendant upon his plea of guilty of two counts of the crime of sexual abuse in the first degree.

Pursuant to a plea agreement, defendant pleaded guilty to two counts of sexual abuse in the first degree in satisfaction of a superior court information charging those crimes, as well as any other uncharged offenses involving the same victims. In exchange, the District Attorney agreed to follow the Probation Department's recommendation as to the sentence to be imposed. At the initial sentencing hearing, the People objected to the fact that the presentence report, which recommended that defendant be sentenced to five years' probation, with the first six months to be served in the County Jail, did not squarely address the fact that defendant had pleaded guilty to two separate crimes. As a result, the matter was adjourned so that the report could be supplemented to reflect the punishment recommended for each offense.

When the sentencing hearing was reconvened, the People recommended that County Court follow the Probation Department's revised recommendation, that defendant be sentenced to two consecutive five-year terms of probation and serve a total of 360 days (two consecutive 180-day periods, one for each of the two offenses) in jail. Defendant's attorney urged that the Probation Department's recommendation be adhered to, with the exception of the suggested jail time. County Court disagreed and ultimately sentenced defendant to two consecutive indeterminate terms of imprisonment of 2 to 4 years each. This appeal followed.

According to defendant, the prosecutor, by implicitly indicating his dissatisfaction with the Probation Department's recommendation at the first sentencing hearing, violated the plea agreement (see, People v Tindle, 61 NY2d 752, 753; People v Muller, 174 AD2d 838, 839). We disagree. The prosecutor's remarks, considered in their entirety, were obviously intended only to convey his concern that the report did not explicitly address both crimes and that this might provide defendant with grounds for an appeal; he was confused as to what the recommendation was and simply sought to have it clarified. After the report was supplemented, the prosecutor made no further comments as to the propriety of the sentence, except to indicate his concurrence with the recommendation, as promised. Accordingly, we are not persuaded that the District Attorney violated the letter or the spirit (see, People v Jasiewicz, 192 AD2d 999, 999-1000) of the plea agreement.

Defendant next asserts that County Court failed to adequately explain that it would not be bound by the recommendations of the Probation Department or the District Attorney prior to accepting his plea. This objection to the sufficiency of the plea allocution is not properly before us, however, for defendant has not moved to withdraw his plea or to vacate the judgment of conviction (*see, People v Khamsybounhevang*, 237 AD2d 828, 829). Moreover, the court clearly informed him of the consequences of his plea and of the full panoply of sentencing options available to it, and defendant acknowledged that he had not been promised any specific sentence (*see, People v Demers*, 105 AD2d 979, 980).

Also unavailing is defendant's claim that he was not provided with effective assistance of counsel. In this regard, it is enough to note that defendant received a beneficial plea agreement, which eliminated the possibility of further prosecution for any other crimes defendant might have committed with respect to the same victims, and prevented the prosecutor from arguing in favor of the harshest possible sentences (amounting, in the aggregate, to a total of 14 years' imprisonment). Furthermore, nothing in the record casts doubt on the apparent effectiveness of his counsel (*see, People v Ford*, 86 NY2d 397, 404; *People v Boodhoo*, 191 AD2d 448, 449).

And given that sentencing is an inexact art, we cannot say, after considering the nature of the offenses, as well as the mitigating factors cited by defendant, that County Court abused its discretion in sentencing defendant as it did, or that there are extraordinary circumstances that would warrant modifying the sentence in the interest of justice (*see, People v Stripling*, 136 AD2d 772, 773).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.