■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DRAHCIR PARSONS, Appellant. [770 NYS2d 909]—

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered June 12, 2002, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and bail jumping in the first degree.

Defendant was charged in a four-count indictment with various drug-related crimes arising from his sale of cocaine on February 2, 1998 in the City and County of Schenectady. He was released on bail pending trial. During the course of the trial, defendant absconded and a warrant was issued for his arrest. He was ultimately convicted of all four counts of the indictment and was sentenced in absentia. As a result of his failure to appear at trial, an indictment was returned in September 1999 charging him with one count of bail jumping in the first degree. A third indictment was returned in June 2000 charging him with a number of drug-related crimes arising from his alleged sale of cocaine on September 16, 1998 in Schenectady.

In July 2001, defendant was located in Nevada and extradited to New York, where he was arraigned. He subsequently pleaded guilty to criminal possession of a controlled substance in the third degree and bail jumping in the first degree, in satisfaction of the latter two indictments. Under the terms of the plea agreement, defendant waived his right to appeal and was to be sentenced to prison terms of 2$\frac{1}{3}$ to 7 years on the criminal possession conviction and 1 to 3 years on the bail jumping conviction, to run consecutive to one another but concurrent to the sentence he was serving in connection with his prior conviction arising from the February 2, 1998 drug charges. Because two Schenectady police officers who testified at defendant's trial in connection with these charges were under investigation for misconduct, the plea bargain also included a proviso that defen-

dant would be permitted to withdraw his plea to the bail jumping charge if the District Attorney's investigation of defendant's prior conviction disclosed that it was illegally obtained. When the investigation failed to uncover evidence of police misconduct with respect to defendant's prior conviction, defendant was sentenced in accordance with the plea agreement.

Defendant's primary contention on appeal is that his plea should be vacated because it was induced by an unfulfilled promise, namely, the District Attorney's assurance that the potential police corruption allegedly affecting his prior conviction would be fully investigated. Initially, we note that insofar as this claim bears on the voluntariness of defendant's plea, it is not preserved for our review because defendant failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Urbina*, 1 AD3d 717, 717 [2003]; *People v Echandy*, 306 AD2d 693, 693 [2003], *lv denied* 100 NY2d 620 [2003]). In any event, even if we were to address it, we would find defendant's claim to be without merit. Although it is well settled that a guilty plea that has been induced by an unfulfilled promise must be vacated or the promise honored (*see People v McConnell*, 49 NY2d 340, 346 [1980]; *People v Varnum*, 291 AD2d 724, 725 [2002]; *People v Feliciano*, 242 AD2d 787, 788 [1997]), the record does not reveal that the District Attorney failed to honor the terms of the plea agreement. At sentencing, the District Attorney's representative reported that his office had undertaken an investigation, which included speaking with officers involved in the events leading to the prior charges, and that no evidence was discovered establishing police misconduct. There is nothing to substantiate defendant's conclusory assertion that a thorough investigation was not undertaken.

Finally, defendant's challenge to the severity of the sentence is encompassed by his voluntary waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Leonard*, 309 AD2d 1073, 1074 [2003]).

Crew III, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.