■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT S. LONG, Appellant. [784 NYS2d 222]—

Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered June 16, 2003, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

On the third day of a trial wherein defendant was being prosecuted on an indictment containing six counts, including rape in the first degree and two counts of assault in the first degree, defendant pleaded guilty to attempted assault in the second degree in full satisfaction of the indictment. The charges stem from allegations that defendant raped and assaulted his girlfriend. At the onset of the plea proceedings, the Assistant District Attorney stated on the record that, among other conditions, "[t]he bargained for consideration, all things being equal between now and the time of sentencing, would be for . . . defendant to receive a term of incarceration of one to three years in a State correctional facility." Moreover, upon explaining the ramifications of the plea to defendant, County Court explicitly advised him that it would "sentence [him] to anything up to an indeterminate term of one to three years in a correctional facility." As part of the plea bargain, defendant waived his right to appeal.

Sentenced to 1 to 3 years in prison, defendant now appeals claiming that the recommendation by the Assistant District Attorney during sentencing, that "the [c]ourt give the maximum as agreed to, one to three years," rendered his waiver of the right to appeal unenforceable. In addition to being unpreserved for our review since defendant failed to move to vacate his judgment of conviction or withdraw his plea (see e.g. People v Williams, 6 AD3d 746, 746-747 [2004]; People v Thompson, 193 AD2d 841, 842 [1993]), this argument is patently untenable. Defendant pleaded guilty and waived his right to appeal under the express proviso that he could be sentenced to a prison term of 1 to 3 years. Thus, the recommendation by the Assistant District Attorney that he be so sentenced can hardly be considered, as argued by defendant, a "unilateral alteration of the proffered sentence" (see generally People v Parsons, 3 AD3d 790 [2004]; People v Bittner, 252 AD2d 738, 739 [1998], lv denied 92 NY2d 922 [1998]; People v Snyder, 249 AD2d 643 [1998]; People v Sipley, 196 AD2d 910 [1993], lv denied 82 NY2d 931 [1994]; cf. People v Muller, 174 AD2d 838 [1991]).

In essence, defendant wants this Court to negate an otherwise knowing, intelligent and voluntary waiver of the right to appeal because the sentence meted out was the maximum discussed at the plea allocution. That defendant may have hoped for probation but instead received the contemplated term of incarceration does not render his waiver of the right to appeal unenforceable. A sentencing court is not bound by a defendant's hope, desire or expectation of the most lenient sentence, especially where, as here, a defendant knowingly, intelligently and voluntarily pleads guilty and waives the right to appeal with a full understanding of all ramifications thereof, including the potential sentence (*see People v Seaberg*, 74 NY2d 1, 11-12 [1989]). Finally, defendant's valid waiver of the right to appeal encompassed the right to challenge the severity of his sentence (*see People v Hidalgo*, 91 NY2d 733 [1998]; *People v Williams, supra*; *People v Parsons, supra*).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.