■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT I. VOGEL, JR., Appellant. [798 NYS2d 640]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered July 1, 2003. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified as a matter of discretion in the interest of justice and on the law by vacating the sentence of imprisonment and as modified the judgment is affirmed, and the matter is remitted to Wyoming County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [2]). We agree with defendant that the judgment must be modified by vacating the sentence of imprisonment imposed because the record establishes that, although the People agreed as part of the negotiated plea bargain that they would make no sentencing recommendation, they failed to honor that agreement at the time of sentencing (*see People v Oakes*, 252 AD2d 661 [1998]; *cf. People v Harris*, 4 AD3d 770 [2004], *lv denied* 2 NY3d 762 [2004]). Although defendant failed to preserve this issue for our review, we exercise our power to address it as a matter of discretion in the interest of justice (*see Oakes*, 252 AD2d at 662). We therefore modify the judgment accordingly, and we remit the matter to County Court for resentencing before a different judge in accordance with our decision herein (*see People v Tindle*, 61 NY2d 752, 754 [1984]; *People v Hoeltzel*, 290 AD2d 587 [2002]). We note, however, that defendant stipulated to the amount of restitution imposed and thereby waived his right to challenge the amount of restitution ordered (*see People v Huffman*, 288 AD2d 907, 908 [2001], *lv denied* 97 NY2d 755 [2002]; *see also*

*People v Sweeney*, 4 AD3d 769 [2004], *lv denied* 2 NY3d 807 [2004]). We therefore affirm the judgment with respect to the amount of restitution ordered.

All concur except Scudder, J., who dissents in part and votes to affirm in the following memorandum:

Scudder, J. (dissenting in part). I respectfully dissent in part and would affirm the judgment of conviction. I note at the outset that, in my view, the issue upon which the majority is modifying the judgment is encompassed by defendant's waiver of the right to appeal and thus is not properly before us (*see generally People v Muniz*, 91 NY2d 570, 573-574 [1998]). In addition, as the majority correctly notes, the issue is not preserved for our review and, unlike the majority, I would not exercise our power to address it as a matter of discretion in the interest of justice.

I cannot agree with the majority that the negotiated plea bargain included an agreement by the People that they would make no recommendation with respect to sentencing. Although the District Attorney stated in his letter conveying the plea offer to defendant that the People would not take a position with respect to sentencing, that condition was not placed on the record at the time of the plea and therefore was not part of County Court's acceptance of the plea agreement (*cf. People v Tindle*, 61 NY2d 752, 753 [1984]; *People v Hoeltzel*, 290 AD2d 587 [2002]; *People v Oakes*, 252 AD2d 661 [1998]). Even assuming, arguendo, that the condition was part of the plea agreement, I note that defendant failed to object when the People sought the maximum term of imprisonment at sentencing (*see People v Harris*, 4 AD3d 770 [2004], *lv denied* 2 NY3d 762 [2004]; *cf. Santobello v New York*, 404 US 257, 259 [1971]; *Tindle*, 61 NY2d at 753; *Hoeltzel*, 290 AD2d at 587), "which was the point when the [alleged] error could have been avoided" (*Tindle*, 61 NY2d at 754 n). In any event, defendant "receive[d] the benefit of his bargain" (*id.* at 754; *cf. Oakes*, 252 AD2d at 662-663). The court stated at the time of the plea that it would impose a sentence "at the lower end of [the sentencing] range[,] . . . [a] two to three-year determinate [sentence]," and defendant was sentenced to a term of imprisonment of three years. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.