■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH SYKES, Appellant. [653 NYS2d 300] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered July 12, 1994, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

When the jury was brought into the courtroom so that the court could respond to its note requesting the readback of testimony, the foreperson announced that the jury had reached a verdict as to one of the charges in the indictment. The court reminded the foreperson that he was to write a note indicating that a verdict had been reached and to fill out the verdict sheet. The court then had the requested testimony read back and the jury was directed to return to its deliberations. Since defendant failed to raise his current contention that the trial court deprived him of due process when it failed to direct the jury to continue its deliberations with respect to the entire case (CPL 310.70), the issue has not been preserved for appellate review (CPL 470.05 [2]; *People v Andujar*, 228 AD2d 194), and we decline to review it in the interest of justice. Were we to review, we would find no error, since the court's charge did not limit the scope of the jury's deliberations and did not preclude it from reconsidering the count upon which it had agreed.

Although the court misapprehended the legally permissible minimum sentence, since the sentence imposed was within the statutory guidelines and since it is clear that the court never intended to sentence defendant to the minimum permissible, a remand for resentencing is not warranted (*People v Benton*, 196 AD2d 755, *lv denied* 82 NY2d 891). Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Andrias, JJ.