■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. YEKEL, Appellant. [733 NYS2d 643] —Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Aulisi, J.), rendered September 20, 2000, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and criminal trespass in the second degree.

After trial of a three-count indictment, defendant was found guilty of sodomy in the first degree, the top count of the indictment, and criminal trespass in the second degree, as a lesser included offense of one of the other counts. County Court subsequently granted defendant's CPL 330.30 motion to set aside the verdict and ordered a new trial of the charges on which defendant was not acquitted. Pursuant to a plea bargain,

defendant thereafter entered a plea of guilty of sexual abuse in the first degree and criminal trespass in the second degree with a promise of concurrent four-year and one-year determinate sentences, respectively. The promised sentence was imposed and defendant now appeals.

Defendant claims that, although the sentence for sexual abuse in the first degree was less than the maximum possible determinate term, it was nevertheless unduly harsh and severe because it included the five-year period of postrelease supervision mandated by Penal Law § 70.45. Considering the nature of the crime and defendant's criminal history, we conclude that there was neither an abuse of discretion in the sentence imposed, including the period of postrelease supervision, nor any extraordinary circumstances which would warrant modification of the sentence (*see, People v Thomas*, 272 AD2d 985). Defendant also claims that, because the period of postrelease supervision was not discussed when he agreed to the plea bargain, he is entitled to specific performance of the bargain by deleting the postrelease supervision. Inasmuch as the determinate sentence without the postrelease supervision would violate the mandate of Penal Law § 70.45 and, therefore, be illegal, the only remedy to which defendant would be entitled is to have the sentence vacated and afford him the opportunity to withdraw the plea (*see, People v Martin*, 278 AD2d 743). In his brief, however, defendant has clearly expressed his desire to retain the plea and have no aspect of the judgment modified other than the sentence. In these circumstances, and in light of the mandatory nature of the postrelease supervision, the judgment must be affirmed (*cf., People v Goss*, 286 AD2d 180 [decided herewith]).

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.