■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLEN COONEY, Appellant. [735 NYS2d 834] —Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 3, 2000, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.

Pursuant to a plea bargain agreement, defendant pleaded guilty to the crime of burglary in the second degree and was sentenced as a second felony offender to a determinate prison

term of six years. Defendant appeals, contending that the sentence imposed by County Court was harsh and excessive because it includes a five-year period of postrelease supervision mandated by Penal Law § 70.45. In view of the nature of defendant's crime and her extensive criminal history, however, we are not persuaded that there was an abuse of judicial discretion in the sentence imposed, including the period of postrelease supervision, nor are there any extraordinary circumstances which would warrant modification of the sentence in the interest of justice (*see, People v Thomas*, 272 AD2d 985).

Defendant further contends that the period of postrelease supervision was not mentioned to her when she agreed to the plea bargain; hence, she is entitled to specific performance of the agreement as she understood it, by excusing her from serving the period of postrelease supervision. This assertion is without merit as imposition of a determinate sentence without a provision for postrelease supervision would violate the requirements of Penal Law § 70.45, rendering it illegal. Defendant might be entitled to have the sentence vacated in order to afford her the opportunity of withdrawing her plea (*see, People v Martin*, 278 AD2d 743); however, she seeks only to modify the sentence by eliminating any period of postrelease supervision. Under these circumstances, the judgment must be affirmed (*see, People v Yekel*, 288 AD2d 762).

Cardona, P.J., Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.