■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBINA HOUSMAN, Appellant. [737 NYS2d 699] —Spain, J. Appeal from a judgment of the County Court of Sullivan County (La-

Buda, J.), rendered February 5, 2001, convicting defendant upon her plea of guilty of the crime of assault in the second degree.

In satisfaction of a three-count indictment arising out of a beating which defendant inflicted on her 11-year-old daughter with a plastic rod and electrical cord, defendant entered a plea of guilty to assault in the second degree with the understanding that she would receive a two-year determinate prison term. She was sentenced in accordance with the plea bargain and now appeals, claiming that the plea bargain and sentence were based on a misapprehension by County Court and the parties of the minimum possible sentence permitted for assault in the second degree. As a remedy, she seeks to have the matter remitted for resentencing or, in the alternative, to have this Court reduce the sentence in the interest of justice. Upon our review, we find no basis to disturb the sentence and, accordingly, we affirm.

Assault in the second degree is a class D violent felony (*see,* Penal Law § 70.02 [1] [c]) for which defendant was required to be sentenced in accordance with the sentencing provisions applicable to class D felonies (*see,* Penal Law § 70.00 [2], [3]), provided, however, that any sentence of imprisonment to be served in state prison was required to be a determinate sentence of at least two years but not to exceed seven years (*see,* Penal Law § 70.02 [2] [b]; [3] [c]). Defendant relies on portions of the record where the two-year determinate prison term is discussed as being the minimum possible sentence. She contends that County Court, the prosecutor and defense counsel failed to apprehend the availability of either the alternative definite sentence of imprisonment of one year or less authorized by Penal Law § 70.00 (4) or the intermittent sentence authorized by Penal Law § 60.05 (5) and § 85.00.

Contrary to defendant's argument, the record does not demonstrate that County Court or the parties lacked knowledge of all available sentencing options, including the definite sentence and intermittent sentence alternatives for class D violent felonies in general. Rather, the record reflects an acknowledgment by County Court that, in light of the serious nature of defendant's conduct in severely beating her child, the alternatives to a state prison term were inappropriate and that, therefore, the remaining minimum possible sentence for this particular class D violent felony was the two-year minimum determinate term authorized by Penal Law § 70.02 (3) (c).

Significantly, defendant did not move to withdraw her plea based on the alleged misinformation but, instead, seeks to be

resentenced. Where, as here, the record clearly reflects only an intent to sentence defendant to the two-year determinate term imposed, there is no basis to remit for resentencing (*see, People v Sykes*, 235 AD2d 278, *lv denied* 89 NY2d 989). Further, we reject defendant's argument that her sentence should be modified because County Court failed to inform her of the postrelease supervision consequences of her plea (*see, People v Goss*, 286 AD2d 180). The failure to inform a defendant of the postrelease supervision component of a sentence does not, in and of itself, provide a basis for modifying the sentence (*see, People v Yekel*, 288 AD2d 762).

Finally, we do not perceive any extraordinary circumstances which would warrant the exercise of our authority to reduce the sentence in the interest of justice (*see*, CPL 470.15 [3] [c]; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.