■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES G. HUMPHREY, Appellant. [739 NYS2d 653] —Lahtinen, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered June 11, 1999, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

Defendant entered a plea of guilty of rape in the third degree upon the understanding that the defense and the People would jointly recommend a prison sentence of 1½ to 3 years to be imposed on defendant as a second felony offender based upon a Georgia burglary conviction. County Court advised defendant that it would not be bound by the joint recommendation and could impose a maximum sentence of 2 to 4 years. At sentencing, a question arose as to whether the Georgia conviction could be considered a predicate felony and the People elected to withdraw the predicate felony statement. The People thereafter recommended a sentence of 1⅓ to 4 years and the court ultimately imposed that sentence. Defendant appeals.

Defendant contends that, by recommending a sentence of 1⅓ to 4 years, the People breached their promise to recommend a sentence of 1½ to 3 years. Once the predicate felony statement was withdrawn, however, the sentence which the parties had agreed to recommend could not be imposed. More importantly, after the People made their recommendation, defense counsel informed County Court that "we would join the People in their recommendation." Additionally, defendant voiced no objection to the recommended sentence and, during

his brief remarks, thanked his attorney "for everything he has done." We conclude that the claim defendant now makes was not preserved for appellate review (*see, People v Oakes,* 252 AD2d 661; *cf., People v Torres,* 67 NY2d 659) and, under the unique circumstances presented here, we find no basis for modifying defendant's judgment of conviction by vacating his sentence in the interest of justice and remitting this matter for resentencing before a different judge (*compare, People v Oakes, supra*). Considering the nature of the crime and defendant's criminal history, we also find neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances which would warrant the exercise of our authority to modify the sentence in the interest of justice.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.