OPINION OF THE COURT
Alan J. Meyer, J.
The defendant herein moves to vacate his judgment and conviction pursuant to CPL article 440.
On January 12, 2000, the defendant pleaded guilty to Penal Law § 130.66 (1) (a), aggravated sexual abuse in the third degree, a class D felony.
During his allocution, the defendant, in consultation with his attorney, freely admitted to forcibly sodomizing his victim *102 with a champagne bottle and acknowledged that his judgment was not impaired by the use of drugs or alcohol.
Subsequently, the defendant sought to withdraw his plea, pursuant to CPL 220.60 (3), on the grounds of innocence, ineffective assistance of counsel and coercion. The court then appointed new counsel to assist in the motion.
Inasmuch as the defendant had extensive prior experience with the criminal justice system, was unlikely to be confused or intimidated by the proceedings, acknowledged no misgivings at his allocution and had ample time to consult with his original attorney, who negotiated a surprisingly favorable plea bargain in his behalf, the court ultimately denied that motion.
In his current application, the defendant argues that he was not properly advised that he would be subject to a period of postrelease supervision pursuant to Penal Law § 70.45, which undermined the integrity of his conviction and sentence.
Mr. Owens now requests the court to either modify his sentence, or in the alternative, to restore the case and allow him to withdraw his plea and proceed to trial. He, further, asks this court to recuse itself due to bias and “doubt of impartiality” and also raises claims of Brady violations.
While these latter contentions are lacking in adequate legal grounds, the issue of notice concerning postrelease supervision is a troublesome one.
Although the court has an affidavit from the defendant’s plea counsel, she cannot precisely recollect her “entire conversation with the defendant on the issue of post release supervision,” and can only state that it is her usual practice to inform such defendants when they face a period of postrelease supervision in addition to parole upon their release from jail. This may explain why this issue was not raised in the defendant’s previous motion to withdraw his plea while assisted by newly appointed counsel.
Recently, in 2001, the Appellate Division, Third Department, began promulgating a series of cases holding that postrelease supervision is a “direct” and not a collateral consequence of a defendant’s plea, conviction and sentence as distinguished in People v Ford (86 NY2d 397; see, People v Goss, 286 AD2d 180; People v Yekel, 288 AD2d 762; People v Housman, 291 AD2d 665 [2002]).
Similar motions have been denied on procedural grounds in People v Alcock (188 Misc 2d 284 [cited favorably in People v Goss, supra]) and in consideration of other statutory factors in *103 People v Ammarito (2001 NY Slip Op 40207 [U] [appeal pending]).
In federal cases, as long as the defendant has been informed of the possible maximum term of sentence and the combined sentence of incarceration together with supervised release that the defendant actually receives does not exceed it, a failure to advise the defendant of such supervised release is considered harmless. (See, United States v Good, 25 F3d 218; United States v Bachynsky, 934 F2d 1349; United States v Saenz, 969 F2d 294; United States v Osment, 13 F3d 1240.) The plea minutes in this case indicate that the defendant was advised that the possible maximum sentence for the crime he was pleading to was seven years. His actual determinate sentence was three years’ incarceration which includes three years’ postrelease supervision under Penal Law § 70.45. The defendant was also advised that the final order of protection would extend “well beyond” his sentence date and if violated he would receive the maximum sentence.
However, these cases do not address the substance of the defendant’s claim and the issue before us, which is the defendant’s sentence to additional conditions and possible incarceration he was unaware of and had not accepted.
The heart of the issue is not the defendant’s admitted guilt nor even the inability of his strategy to prevail at trial, but rather the imposition of a sentence potentially greater than what he may have knowingly bargained for.
The court recognizes and credits the People’s cogent response that there may be procedural bars to the defendant’s motion pursuant to CPL 440.10. (Note, however, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 440.10, at 427 [1994].)
Therefore, in an effort to fashion a resolution and a remedy in harmony with prevailing law and in the interest of justice, the court will consider the defendant’s alternative request for sentence relief under CPL 440.20, which may not be subject to the same procedural restrictions. (See, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 440.20.)
Accordingly, the defendant’s motion is denied under CPL 440.10 but pursuant to CPL 440.20 his application is accepted and the defendant will be resentenced to a term and conditions in keeping with the expectations of his original plea.