■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. RAWDON, Appellant. [744 NYS2d 573] —Cardona, P.J. Appeals (1) from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 23, 2001, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court (Nicandri, J.), entered August 15, 2001, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

In March 2001, defendant was charged in a superior court information with the crimes of robbery in the second degree, assault in the second degree and criminal possession of a weapon in the fourth degree. Defendant pleaded guilty to the crime of assault in the second degree in full satisfaction of the charges. Pursuant to the plea agreement, the People recommended restitution to the victims and a determinate sentence not to exceed five years. Defendant waived his right to appeal all aspects of the judgment with the exception of the sentence. Despite the People's recommendation, County Court sentenced defendant to a determinate prison term of six years and imposed restitution and the applicable surcharges. Defendant appeals from that judgment and from the denial of his subsequent pro se motion pursuant to CPL 440.20 to set aside the sentence.

Defendant contends that County Court failed to abide by its sentencing promise, however, the record is clear that County Court made no commitment with respect thereto. Sentencing is solely within the court's discretion and "[e]ven though the People and defendant agree to a sentence, the agreement is not binding upon the court" (*People v Demers*, 105 AD2d 979, 980). At the plea allocution, County Court specifically advised defendant of its sentencing prerogatives, including the imposition of a possible 2 to 7-year prison term (*see, People v Bittner*, 252 AD2d 738, 740, *lv denied* 92 NY2d 922). In addition, defendant stated on the record that the court had not made any sentencing promises to him and the only commitment that he had been given was the People's sentencing recommendation.

Defendant further argues that County Court's failure to inform him of the mandated postrelease supervision period requires modification of his sentence. Initially, we note that "[t]he failure to inform a defendant of the postrelease supervision component of a sentence does not, in and of itself, provide a basis for modifying the sentence" (*People v Housman*, 291

AD2d 665, 667, *lv denied* 98 NY2d 638). While defendant may be "entitled to have the sentence vacated in order to afford [him] the opportunity of withdrawing [his] plea" (*People v Cooney*, 290 AD2d 727, 728, *lv denied* 97 NY2d 752; *see, People v Jachimowicz*, 292 AD2d 688; *see also, People v Jaworski*, 296 AD2d 597 [decided herewith]), in this case, defendant seeks to retain his plea but have the period of postrelease supervision vacated or reduced. Since the determinate sentence without the postrelease supervision would violate Penal Law § 70.45, rendering it illegal, such relief may not be granted (*see, People v Yekel*, 288 AD2d 762). Furthermore, given defendant's prior criminal history, the violent nature of the crime and the fact that defendant was on probation at the time of this offense, we find no abuse of discretion in the sentence imposed, nor any extraordinary circumstances warranting modification in the interest of justice (*see, People v Centorani*, 294 AD2d 613; *People v Humphrey*, 293 AD2d 772).

We do, however, find merit in defendant's contention that County Court erred by imposing a collection surcharge of 10% of the amount of restitution ordered. Our review of the record confirms the People's concession that no affidavit indicating that the actual cost of collection exceeded 5% was filed in this case (*see,* Penal Law § 60.27 [8]). Therefore, the surcharge should be reduced to 5% of the restitution amount (*see, People v Arquette*, 281 AD2d 652; *People v Gahrey M.O.*, 231 AD2d 909).

Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by deleting so much thereof as imposed a 10% collection surcharge on the $5,763.88 amount of restitution; collection surcharge reduced to 5% of the amount of restitution actually collected; and, as so modified, affirmed. Ordered that the order is affirmed.