■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CASS, Appellant. [752 NYS2d 908] —Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.) rendered October 3, 2001, convicting defendant upon his plea of guilty of two counts of the crime of sexual abuse in the first degree.

In satisfaction of a 14-count indictment, defendant pleaded guilty to two counts of sexual abuse in the first degree and was sentenced in accordance with the plea agreement to consecutive prison terms of four years for each count. We are unpersuaded by defendant's contention that the sentence should be modified because he was not informed of any period of postrelease supervision resulting from his guilty plea. To be sure, "[t]he failure to inform a defendant of the post release supervision component of a sentence does not, in and of itself, provide a basis for modifying the sentence" (*People v Housman*, 291 AD2d 665, 667, *lv denied* 98 NY2d 638). Here, although a defendant may be entitled to an opportunity to withdraw his plea (*see People v Cooney*, 290 AD2d 727, *lv denied* 97 NY2d 752), defendant clearly states in his brief that he wishes to retain his guilty plea and instead requests only that the sentence of postrelease supervision period be modified. In view of the foregoing and finding no extraordinary circumstances warranting a reduction of the sentence imposed in the interest of justice, the judgment is affirmed (*see People v Rawdon*, 296 AD2d 599; *People v Yekel*, 288 AD2d 762).

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.