■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HIGGINS, Appellant. [757 NYS2d 778] —Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Leavitt, J.), rendered April 25, 2000, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence under Superior Court Information No. 99-01467, (2) a judgment of the same court, also rendered April 25, 2000, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence under Superior Court Information No. 99-01469, and (3) a resentence of the same court, imposed July 6, 2000, under Superior Court Information No. 99-01467.

Ordered that the judgments and resentence are affirmed.

The defendant's argument that he should be relieved of his plea of guilty because he was never advised that, pursuant to the plea agreement, he would receive postrelease supervision, was not preserved for appellate review because he did not raise the argument by motion to vacate or otherwise in the court of first instance (*see People v Pellegrino,* 60 NY2d 636 [1983]; *People v Wilson,* 296 AD2d 430 [2002]).

Contrary to the defendant's contention, he received meaningful representation and was not denied the effective assistance of counsel (*see People v Ford,* 86 NY2d 397 [1995]; *People v Baldi,* 54 NY2d 137, 147 [1981]). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JOBE, Appellant. [757 NYS2d 779] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered February 8, 2001, convicting him of robbery in the first degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in permitting the complainant to testify that just before the robbery the defendant told him that he was a drug dealer. This evidence was necessary to complete the narrative of events leading up to the robbery, and to enable the jury to understand the sequence of events, and was inextricably intertwined with the crime charged (*see People v Carter,* 286 AD2d 773 [2001]; *People v Capace,* 273 AD2d 320 [2000]).

The defendant's remaining contention is not preserved for appellate review and, in any event, does not warrant reversal. Florio, J.P., H. Miller, Adams and Mastro, JJ., concur.