■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO CRUZ, Appellant. [758 NYS2d 514] —Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered September 28, 1999, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, inter alia, that his plea of guilty should be vacated on the ground that the court failed to meaningfully advise him at the time of his plea that he would be subject to an automatic and statutorily mandated five-year period of postrelease supervision following the completion of his determinate sentence, and its ramifications (*see* Penal Law § 70.45 [1]). However, this claim is unpreserved for appellate review, as the defendant did not move to withdraw his plea before sentencing or move to vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662 [1988]; *People v Wilson,* 296 AD2d 430 [2002], *lv denied* 99 NY2d 540 [2002]). In any event, the court adequately and sufficiently advised the defendant of the nature of the postrelease supervision and its possible consequences, and thus he made his plea knowingly, voluntarily, and intelligently (*see People v Lopez, supra*).

The defendant was not deprived of the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contentions are without merit. Ritter, J.P., Smith, S. Miller and Schmidt, JJ., concur.