■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS BELL, Appellant. [761 NYS2d 239] —Appeal by the defendant, as limited by his briefs, from so much of a sentence of the Supreme Court, Westchester County (Perone, J.), rendered December 14, 2000, as, upon his conviction of robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the third degree, upon his plea of guilty, imposed concurrent terms of five years postrelease supervision on the conviction of robbery in the second degree and assault in the second degree.

Ordered that the sentence is affirmed insofar as appealed from.

The defendant pleaded guilty to robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the third degree in full satisfaction of a 30-count indictment, in exchange for a promised sentence of five years' imprisonment. When he appeared for sentencing, he moved for leave to withdraw his plea of guilty on the ground that he was never advised that "there was a post-release supervision as part of the mandatory sentencing structure in New York State." The defendant's application for leave to withdraw his plea of guilty was denied, and he was sentenced pursuant to Penal Law § 70.06 as a second felony offender to, inter alia, concurrent terms of five years postrelease supervision for robbery in the second degree and assault in the second degree.

On appeal, the defendant explicitly states that he "does not wish to vacate or to void a plea bargain that he negotiated and that had favorable terms to him." However, he contends that, since he was never advised of the mandatory terms of postrelease supervision, the judgment of conviction should be modified to strike the postrelease supervision requirement.

The defendant's claim is without merit. A determinate sentence without the postrelease supervision constitutes an illegal sentence (see Penal Law § 70.45). Under the circumstances, the sentence must be affirmed insofar as appealed from (see People v Yekel, 288 AD2d 762, 763 [2001]; People v Cass, 301 AD2d 681 [2003]). Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.