■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE FOLKS, Appellant. [760 NYS2d 856] —Appeal by the defendant from three judgments of the Supreme Court, Kings County (Firetog, J.), all rendered April 4, 2002, convicting him of robbery in the first degree (five counts) under Superior Court Information No. 5665/01, robbery in the first degree under Indictment No. 9218/00, and robbery in the first degree under Indictment No. 4903/01, respectively, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The record is insufficient to demonstrate that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v DeSimone, 80 NY2d 273 [1992]; People v McCaskell, 206 AD2d 547 [1994]; cf. People v Williams, 258 AD2d 544 [1999]; People v Rolon, 220 AD2d 543 [1995]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying, after a hearing, his motion to withdraw his plea. The record of the plea allocution demonstrates that the defendant's pleas were knowingly, intelligently, and voluntarily entered (see People v Harris, 61 NY2d 9 [1983]), and the evidence presented at the hearing failed to substantiate the defendant's claims, inter alia, that he was ill on the day he entered his pleas, that he was innocent, and that his attorney was ineffective (see People v Johnson, 288 AD2d 491 [2001]; see also People v Telfair, 299 AD2d 429 [2002], lv denied 99 NY2d 620 [2003]; People v Potter, 294 AD2d 603 [2002]).

The defendant's further contention that his pleas should have been vacated because he was never advised that he would be subject to a period of post-release supervision is unpreserved for appellate review (see People v Higgins, 304 AD2d 773 [2003]; People v Larweth, 303 AD2d 1029 [2003]; People v Crump, 302 AD2d 901 [2003]; People v Velez, 301 AD2d 619 [2003]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are without merit. Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.