■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH C. HYNES, Appellant. [770 NYS2d 667]—

Lahtinen, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered September 16, 2002, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant pleaded guilty to one count of felony driving while intoxicated in satisfaction of an indictment charging him with two counts of felony driving while intoxicated and the traffic infraction of operating a motor vehicle with a fractured windshield. As part of the plea offer, the People agreed to recommend a split sentence of five years' probation and a term of incarceration of six months. County Court did not agree to impose a specific sentence at that time but advised defendant that a presentence investigation report would be ordered and that the court would fashion a sentence, which could be up to four years in state prison, based upon that report. Defendant accepted the plea offer and, as a part of the plea agreement, agreed to waive his right to appeal everything except for the sentence. At sentencing, County Court declined to follow the People's recommendation and imposed a sentence of $1^{1}/_{3}$ to 4 years in prison. Defendant now appeals.

We reject defendant's claim that County Court failed to abide by the terms of the plea agreement by sentencing him to a term of imprisonment greater than the sentence recommended by the People. The record reveals that County Court did not commit to any particular sentence at the time of the plea but, rather, advised defendant that it had wide latitude in sentencing and could impose a term of incarceration of up to four years. In view of this, we find that there was no breach of the plea agreement (*see People v Rawdon*, 296 AD2d 599, 599 [2002], *lv denied* 98 NY2d 771 [2002]). Consequently, there was no reason for County Court to afford defendant the opportunity to withdraw his plea.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.