■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM REED, Appellant. [774 NYS2d 388]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered February 10, 2000, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not made knowingly, intelligently, and voluntarily because the

County Court failed to advise him that he would be subjected to five years of postrelease supervision, is unpreserved for appellate review (*see People v Concepcion,* 2 AD3d 873 [2003]; *People v Chapman,* 2 AD3d 647 [2003], *lv denied* 1 NY3d 596 [2004]; *People v Mapp,* 308 AD2d 462 [2003], *lv denied* 1 NY3d 575 [2003]; *People v Folks,* 306 AD2d 355 [2003]; *People v Higgins,* 304 AD2d 773 [2003]).

There is no merit to the contention that the failure of the defendant's attorney to attempt to negotiate a shorter term of postrelease supervision constituted ineffective assistance of counsel, since the five-year period imposed is mandatory for second violent felony offenders such as the defendant (*see* Penal Law § 70.45 [2]). Smith, J.P., Luciano, Adams and Rivera, JJ., concur.