People ex rel. Johnson v Warden, Rikers Is. Correctional Facility (2004 NY Slip Op 24218)

People ex rel. Johnson v Warden, Rikers Is. Correctional Facility

2004 NY Slip Op 24218 [4 Misc 3d 535]

June 4, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 8, 2004

[*1]
The People of the State of New York ex rel. Tyrone Johnson, Relator,
v
Warden, Rikers Island Correctional Facility et al., Respondents.
Supreme Court, Bronx County, June 4, 2004

APPEARANCES OF COUNSEL

Percival A. Clarke for relator. Eliot Spitzer, Attorney General (Jonathan Saul of counsel), for respondents.

{**4 Misc 3d at 536} OPINION OF THE COURT

Edward M. Davidowitz, J.
Petitioner moves by writ of habeas corpus for an order vacating a parole warrant lodged against him and releasing him from custody. He alleges that a period of postrelease supervision was illegally imposed by the Division of Parole and therefore his present detention, based on a violation of that condition is unlawful.
Petitioner was sentenced on December 12, 2000 to a determinate prison term of 3½ years upon his conviction of attempted assault in the first degree and was released to parole supervision on September 27, 2002. The trial court did not expressly impose a precise period of postrelease supervision. Accordingly, the Division, in accordance with Penal Law § 70.45 (1) and (2), imposed a period of five years.
Petitioner was declared delinquent on October 23, 2002 when he failed to make an office report and on October 30, 2002 when he moved from his residence without notifying his parole officer. A parole warrant was issued on November 4, 2002 and lodged against him on January 26, 2004, when he was also served with a notice of violation. Petitioner waived his preliminary parole revocation hearing and a final hearing was scheduled for February 5, 2004. Petitioner brought this proceeding on May 5, 2004.
Basically, petitioner argues, since the sentencing court did not advise him of the length of his postrelease supervision, the Division had no authority to impose a term on its own. Petitioner is incorrect. Postrelease supervision following the completion of a determinate sentence is automatic and statutorily required (People v Hollenbach, 307 AD2d 776 [2003], lv denied 100 [*2]NY2d 642 [2003]). Penal Law § 70.45 (1) and (2) provide that a period of postrelease supervision shall be included in every determinate sentence unless the court specifies a shorter period (People v White, 296 AD2d 867 [2002], lv denied 99 NY2d 540 [2002]). In fact, a determinate sentence without a period of postrelease supervision is unlawful (People v Bell, 305 AD2d 694 [2003], lv denied 100 NY2d 592 [2003]; People v Cass, 301 AD2d 681 [2003]; People v Yekel, 288 AD2d 762 [2001]). And the sentencing court is not required to specify a period of postrelease supervision either at the time of plea or at sentencing (People v Crump, 302 AD2d 901 [2003], lv denied 100 NY2d 537 [2003]; People v Thweatt, 300 AD2d 1100 [2002]; People v Bloom, 269 AD2d 838 [2000], lv denied 94 NY2d 945 [2000]).{**4 Misc 3d at 537}
The minutes of plea and sentence disclose that the trial court in fact did not specify a specific term of postrelease supervision. Nevertheless, since the court did not specify a shorter period, the period of postrelease supervision on a conviction of attempted assault in the first degree (a class C violent felony offense), a term of five years, was imposed and must be served (Penal Law § 70.45 [2]; People v Stanley, 309 AD2d 1254 [2003]; People v Minter, 306 AD2d 801 [2003], lv denied 100 NY2d 585 [2003]; People v Thweatt, supra).
The trial court's silence on this issue is not grounds for relief. A failure to mention the term of postrelease supervision might be relevant if petitioner had challenged the voluntariness of his plea, or moved to vacate his plea, or moved to withdraw his plea before sentence was imposed, or moved to vacate his judgment of conviction (People v Miller, 1 AD3d 613 [2003], lv denied 1 NY3d 598 [2004]; People v Bell, supra; People v Crump, supra; People v Curry, 301 AD2d 658 [2003], lv denied 99 NY2d 653 [2003]). But that is not the case. Petitioner is not questioning the lawfulness of his conviction, or guilty plea, or seeking other relief. There is, therefore, no basis for vacating the period of postrelease supervision imposed herein (People v Bell, supra; People v Russell, 7 AD3d 818 [2004]; People v Hall, 7 AD3d 812 [2004]; People v Chapman, 2 AD3d 647 [2003], lv denied 1 NY3d 596 [2004]; People v Mapp, 308 AD2d 462 [2003], lv denied 1 NY3d 575 [2003]; People v Higgins, 304 AD2d 773 [2003]).
Accordingly, the writ is dismissed and petitioner's motion to vacate the warrant and release him from custody is denied.