■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT HUMPHREY, Appellant. [785 NYS2d 806]—

Peters, J.P. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 17, 2003, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, an inmate, was charged in an indictment with two counts of assault in the second degree arising out of a physical altercation with another inmate. He ultimately pleaded guilty to a single count of assault in the second degree in full satisfaction

of the charges and agreed to waive his right to appeal all issues except those relating to sentencing. Pursuant to the plea agreement, the People recommended a prison sentence of three years. Despite the People's recommendation, County Court sentenced defendant as a second violent felony offender to a prison term of six years, to be served consecutively to the term he was then serving. Defendant now appeals.

We reject defendant's claim that County Court failed to abide by the terms of the plea agreement by sentencing him to a term of imprisonment greater than the sentence recommended by the People. Sentencing is a matter within the trial court's discretion and even though the People and defendant agree to a particular sentence, the agreement is not binding upon the court (*see People v Hynes*, 3 AD3d 740, 740 [2004]; *People v Rawdon*, 296 AD2d 599, 599 [2002], *lv denied* 98 NY2d 771 [2002]). The record reveals that County Court did not commit to any particular sentence. At the plea allocution, County Court specifically advised defendant that it could impose a term of incarceration up to seven years. In addition, defendant stated on the record that the only commitment he had been given was the People's sentencing recommendation and he understood that the court could impose a prison term of not less than three years and not more than seven years.

We further reject defendant's contention that the sentence imposed was harsh and excessive. Given defendant's extensive criminal history and the absence of extraordinary circumstances warranting modification in the interest of justice, we find no basis to disturb the sentence imposed (*see People v Urbina*, 1 AD3d 717, 718 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Porter*, 305 AD2d 933, 934 [2003], *lv denied* 100 NY2d 586 [2003]).

Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.