■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN GREGORY, Appellant. [790 NYS2d 892]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered October 4, 2001, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea was not knowingly,

intelligently, and voluntarily entered because he was not meaningfully informed about the statutorily mandated period of post-release supervision which would follow his determinate sentence (*see* Penal Law § 70.45; *see also People v Bell,* 305 AD2d 694 [2003]; *People v Melio,* 304 AD2d 247 [2003]). However, this claim is unpreserved for appellate review because the defendant did not move either to withdraw his plea at the time of sentencing on this basis or to vacate the judgment of conviction on this basis (*see People v Hall,* 7 AD3d 812 [2004]; *People v Russell,* 7 AD3d 818 [2004]; *People v Wronka,* 6 AD3d 735 [2004]; *People v Lofton,* 6 AD3d 629 [2004]; *People v Reed,* 6 AD3d 554 [2004]). In any event, the record established that the defendant was adequately advised that he would be subject to a period of post-release supervision as a consequence of his plea (*see People v Wronka, supra; People v Cruz,* 305 AD2d 424 [2003]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.