■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JIGGETTS, Appellant. [802 NYS2d 704]—Appeal by the defendant from a sentence of the Supreme Court, Queens County (Kron, J.), imposed July 7, 2003, on the ground that the sentence is both illegal and excessive.

Ordered that the sentence is affirmed.

The defendant's contention that he was not adequately advised that he would be subject to the maximum term of postrelease supervision is unpreserved for appellate review because he did not move either to withdraw his plea either before sentencing or to vacate the judgment of conviction (*see People v Gregory,* 16 AD3d 597 [2005], *lv denied* 4 NY3d 886 [2005]; *People v Dale,* 14 AD3d 712 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Redcross,* 13 AD3d 559, 560 [2004]; *People v Hall,* 7 AD3d 812 [2004]; *People v Russell,* 7 AD3d 818 [2004]; *People v Wronka,* 6 AD3d 735 [2004]; *People v Lofton,* 6 AD3d 629 [2004]; *People v Reed,* 6 AD3d 554 [2004]). In any event, the record demonstrates that the defendant was adequately advised that he would be subject to the maximum period of postrelease supervision as a consequence of his plea (*see People v Dale, supra; People v Wronka, supra; see also People v Cruz,* 305 AD2d 424 [2003]). Prudenti, P.J., Adams, Krausman and Spolzino, JJ., concur.