OPINION OF THE COURT
Barry Kron, J.
*452 Defendant has moved for reargument[1] of his prior motion for an order directing that his certificate of commitment be amended to reflect a postrelease supervision of 2Va years, that the office of the Division of Parole be directed to withdraw its citation for a violation of parole, and that he be released from custody. Defendant argues that because the sentencing court indicated that his postrelease supervision would be 2V2 years as part of his plea, the imposition of the five-year parole release supervision by the New York State Department of Correctional Services and the Division of Parole was improper.
The People, approximately five years and five months after defendant’s sentence commenced,[2] now oppose defendant’s application, contending that he is not entitled to the requested relief because it would result in an illegal sentence, that the Second Circuit case of Earley v Murray (451 F3d 71 [2006]), cited by defendant, is not binding on this court and that the only appropriate remedy would be for defendant to move to vacate his conviction and be restored to his preplea status.
The People never moved by any prior application to have the sentencing error rectified, although by statute that is the appropriate remedy (see CPL 440.40). Initially, the People did not oppose defendant’s current application before this court to have his sentence and commitment under indictment No. 4110/98 amended to reflect the 2V2 years of postrelease supervision (see People’s affirmation at 5).
Facts/Procedural History
Defendant was indicted under indictment No. 4110/98 for criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts), criminal possession of a weapon in the fourth degree, unlawful possession of a knife, resisting arrest, assault in the second degree (two counts), and reckless endangerment in the first degree. On February 5, 2001, he pleaded guilty to all of the counts in the indictment. On February 28, 2001, defendant was sentenced as a second felony offender to an aggregate concurrent determinate prison term of five years, to be followed by 2V2 years of postrelease supervision. As part of the plea agreement defendant also *453 pleaded guilty to a violation of probation under indictment No. SCI-N13086/94. He received an indeterminate sentence of 1 to 3 years to run concurrent with the sentence under indictment No. 4110/98. The court records reflect that no period of parole release supervision was endorsed on defendant’s sentence and commitment form.
According to the Division of Parole certificate of release submitted by defendant, defendant was informed that his parole supervision would extend to 2008 when he was released in April of 2003. Defendant did not appeal his conviction.
Subsequently, defendant was arrested for violations of parole occurring between December 15, 2005 and February 6, 2006. According to the documents submitted by defendant, the New York State Division of Parole imposed a five-year term of postrelease supervision upon his release from incarceration. Defendant has a current pending case, Queens County indictment No. 01807/2006.
On April 26, 2006, this court denied defendant’s motion for an order amending his certificate of commitment to include a term of postrelease supervision of 2V2 years. This court stated that because defendant was a second felony offender convicted of a violent felony, the law mandated that his postrelease supervision must be five years for his conviction under indictment No. 4110/98. No formal written order was issued, the court’s decision being reflected solely in the minutes of the court proceedings. The court now grants reargument.
Decision
Penal Law § 70.45 (2) states that the postrelease supervision period for a determinate sentence shall be five years. In the case of a first time felony offender a court may specify a shorter period of postrelease supervision of not less than 2V2 years upon a conviction of a class B or class C violent felony. In the instant case because defendant was a second felony offender, he was subject to a mandatory postrelease supervision period of five years. Nonetheless, at sentencing the court indicated that the period of postrelease supervision on his conviction was 21k years (see sentencing minutes, dated Feb. 28, 2001, annexed as defendant’s exhibit A).
Recently, in Earley v Murray, (451 F3d 71 [2006]), the United States Court of Appeals for the Second Circuit held that where a court, the attorneys and the defendant were not aware of the law requiring postrelease supervision (hereinafter PRS) at the *454 time of the plea and sentence, the New York State Department of Correctional Services could not impose a five-year PRS term upon defendant without authorization from the court (Earley, supra). Specifically, the Earley court stated that the only cognizable sentence was the one imposed by the judge, and any alteration made to the sentence, unless made by the judge at a subsequent proceeding, is of no effect (Earley, supra). “[T]he sentence imposed by the sentencing judge is controlling; it is this sentence that constitutes the court’s judgment and authorizes custody of a defendant” (Earley, supra at 74, citing Hill v United States ex rel. Wampler, 298 US 460 [1936]).[3]
In this case, the court at sentencing specifically indicated that the period of PRS was to be 21k years. At the time of sentence the parties were apparently unaware that the law required that defendant receive five years’ PRS because he was a second felony offender. After the sentence was imposed, however, the People never moved pursuant to CPL 440.40 (1) to have the illegal sentence vacated and the defendant correctly sentenced to the five-year term of PRS.[4]
Although the court itself is not restricted by this one-year time limit to correct errors, the court’s inherent power to correct a sentence more than one year after its imposition is limited to situations where a judge misspoke when imposing sentence, or to merely correct clerical errors (People v Moss, 234 AD2d 610 [2d Dept 1996]). Here, it is pellucidly clear from the record that the intent of the court was to impose a period of 2V2 years’ PRS, albeit incorrectly.
The New York State Court of Appeals has held that prior to imposing a sentence the court may use its inherent authority to vacate an illegally accepted plea (People v Moquin, 77 NY2d 449 [1991], citing People v Bartley, 47 NY2d 965 [1979]; see also People v Wright, 56 NY2d 613 [1982]; People v Minaya, 54 NY2d 360 [1981]). The court may also vacate a final judgment on the grounds of fraud or misrepresentation, absent a specific constitutional impediment (see Moquin, supra at 452). Again, once a sentence has commenced the court may correct clerical *455 errors or errors where it misspoke (id.). The court may not vacate a plea after sentence has been imposed to remedy a “substantive legal error in the acceptance of the plea” once a defendant has commenced serving his sentence (id.). “[A] court which has accepted a plea in violation of the Criminal Procedure Law may not vacate the illegal plea and reinstate the original charges after sentence has commenced” (Matter of Kisloff v Covington, 73 NY2d 445, 450 [1989]).
This case is distinguishable from a situation where the court does not advise a defendant of any PRS as part of the sentence (see e.g. People v Bell, 305 AD2d 694 [2d Dept 2003]). In such a situation, the defendant must be given an opportunity to withdraw the plea because such plea is not a knowing, intelligent and voluntary plea. In People v Catu (4 NY3d 242, 245 [2005]), the Court of Appeals held that “[b]ecause a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction” (see also, People v Weekes, 28 AD3d 499 [2d Dept 2006]). Here, defendant was aware that PRS was part of his plea; in fact he was told that the PRS period was 21h years. He relied upon this representation as part of his decision when entering into the plea. In a situation where a defendant is moving to strike PRS in its entirety because of a lack of awareness of same, the proper remedy would be to afford the defendant an opportunity to withdraw his plea because the appropriate period of PRS will be imposed as part of the sentence (see Weekes, supra). Defendant herein is not moving to withdraw his plea because he was unaware of postrelease supervision; he is moving to enforce the negotiated disposition. To reemphasize, only a judge has the legal right to impose sentence. A Department of Correctional Services clerk is unauthorized to unilaterally amend a sentence imposed by a sentencing judge.
Under these circumstances, the defendant is entitled to enforcement of the sentence imposed by the court which included a 2V2-year term of PRS (Earley v Murray, supra). At this juncture, defendant has served his sentence. To offer that he be given the opportunity to vacate the judgment and be placed in a preplea status, as suggested by the People, when they failed to move to correct the error within one year as mandated by statute, and when he has fully served the *456 determinate part of his sentence, would result in a manifest injustice. It is thus clear that defendant has “detrimentally relied upon the illegal sentence in a way that could not be rectified by restoring him to his pre-plea status” (People v DeValle, 94 NY2d 870, 872 [2000]).
While the court recognizes that the Earley decision is not technically binding on this court (People v Kin Kan, 78 NY2d 54, 59-60 [1991]), it is still a significant, persuasive authority that the court has considered. Although a divergence of opinion may exist between state law and federal law as to what consequences are the appropriate remedy when no period of PRS is imposed upon a defendant and the People fail to initiate a challenge within one year, this court’s ruling is limited to the fact specific situation that exists in this case wherein a period of PRS was imposed, albeit in an erroneous fashion. Thus, the legal conundrum that exists as to the consequences of a complete failure to advise a defendant of PRS need not be definitively resolved within the present fact situation.[5]
Accordingly, defendant’s motion is granted and the certificate of commitment is amended to include a period of 2x/2 years of postrelease supervision.
Any charges arising from subsequent criminal behavior defendant has been indicted for may proceed on their individual merits.
Based upon the foregoing, the motion to amend the certificate of commitment is granted.

. A motion for reargument is addressed to the sound discretion of the court that decided the prior motion, and may be granted upon a showing that the court overlooked or misapprehended facts or law or for some other reason mistakenly arrived at its earlier decision (CPLR 2221 [d]; see Long v Long, 251 AD2d 631 [2d Dept 1998]).

. Defendant was sentenced on February 28, 2001 (Rotker, J.).

. In Wampler, the court clerk added a condition at sentencing that the defendant remain in custody until his fine was paid. The Supreme Court struck this condition, holding that the clerk did not have the power to add it to the court’s sentence.

. Pursuant to CPL 440.40 the People may move by motion to set aside a sentence: “1. At any time not more than one year after the entry of a judgment, . . . upon the ground that it was invalid as a matter of law.”

. A line of New York State Appellate Division, Third Department, cases holds that the defendant must be given an opportunity to withdraw a plea if the defendant is not advised of the mandatory PRS that attaches to the sentence (see People v Cass, 301 AD2d 681 [3d Dept 2003]; People v Rawdon, 296 AD2d 599 [3d Dept 2002]; People v Cooney, 290 AD2d 727 [3d Dept 2002]; People v Yekel, 288 AD2d 762 [3d Dept 2001]). Thus, in the Third Department, a defendant will not be able to strike the period of PRS, but will only be able to withdraw the plea if he/she chooses.
Under federal law, as evinced by the Earley case (supra), if a defendant is not advised of PRS, the sentence will not be increased to reflect the mandatory period of PRS; nor will a defendant be required to seek to vacate the plea. Therefore, the sentence is enforced without the PRS and it will remain the same without change or addition of the PRS, unless, of course, a proper motion is made by the People pursuant to CPL 440.40.