OPINION OF THE COURT
George B. Ceresia, Jr., J.
The petitioner, an inmate at Coxsackie Correctional Facility, *391 has commenced the instant CPLR article 78 proceeding to review a determination of the respondent to add five years of postrelease supervision (PRS) to his sentence. Petitioner argues that because the sentencing judge did not expressly mention PRS when the petitioner was sentenced, respondent is without power to impose it now. Respondent opposes the application, arguing that PRS was properly imposed under Penal Law § 70.00 (6) and § 70.45 (1).
On July 19, 2004, petitioner was convicted after trial of the crimes of attempted murder in the second degree, a class B violent felony offense (see Penal Law § 70.02 [1] [a]), criminal possession of a weapon in the second degree, a class C violent felony offense (see Penal Law § 70.02 [1] [b]), and criminal possession of a weapon in the third degree, a class D violent felony offense (see Penal Law § 70.02 [1] [c]). He was sentenced, pursuant to Penal Law § 70.02 (3) (a), (b) and (c), to concurrent determinate terms of 12V2 years, 10 years and 7 years, respectively. Respondent concedes that the trial judge failed to mention PRS when the sentence was pronounced, and that the written sentence and commitment is silent with respect to PRS.
Under Penal Law § 70.45 (1), “Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision.” The period of PRS for the determinate sentence of attempted murder in the second degree (a class B violent felony [see Penal Law § 70.02 (1) (a)])
“shall be five years except that: ...(f) such period shall be not less than two and one-half years nor more than five years whenever a determinate sentence of imprisonment is imposed pursuant to subdivision three of section 70.02 of this article upon a conviction of a class B or class C violent felony offense” (Penal Law § 70.45 [2]).
The court observes that it has been stated that “[a] determinate sentence without the postrelease supervision constitutes an illegal sentence” (People v Bell, 305 AD2d 694, 694 [2d Dept 2003], citing Penal Law § 70.45).
A number of New York courts, including the Court of Appeals, have stressed the mandatory nature of PRS under Penal Law § 70.45. As stated in People v Catu (4 NY3d 242 [2005]):
“Postrelease supervision is a direct consequence of a criminal conviction. In eliminating parole for all violent felony offenders in 1998, the Legislature enacted a scheme of determinate sentencing to be *392 followed by periods of mandatory postrelease supervision (see L 1998, ch 1 [Jenna’s Law]), and defined each determinate sentence to ‘also include[ ], as a part thereof, an additional period of post-release supervision’ (Penal Law § 70.45 [1]; see also Senate Mem in Support, 1998 McKinney’s Session Laws of NY, at 1489 [describing postrelease supervision as ‘a distinct but integral part of the determinate sentence’]). Whereas the term of supervision to be imposed may vary depending on the degree of the crime and the defendant’s criminal record (see Penal Law § 70.45 [2]), imposition of supervision is mandatory and thus ‘has a definite, immediate and largely automatic effect on defendant’s punishment.’ ” (Id. at 244 [emphasis supplied].)
The Appellate Division, Fourth Department, has described the application of Penal Law § 70.45 in similar terms. In People v Bloom (269 AD2d 838 [4th Dept 2000]), where the trial court failed to specify a period of postrelease supervision at sentencing, the Court stated:
“There was no need for the court to specify a period of post-release supervision. Under Penal Law § 70.45 (2), ‘[t]he length of the period of “post-release supervision” is five years . . . unless the court specifies a shorter period’ (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.45, 1999-2000 Interim Pocket Part, at 81)” (id. at 838; see also People v Thweatt, 300 AD2d 1100, 1101 [4th Dept 2002]).
In People v Hollenbach (307 AD2d 776 [4th Dept 2003]) it was stated that “[p]ostrelease supervision is mandatory for determinate sentences and is automatically included in the sentence .... [Tjhere is no need for the court to specify a period of post-release supervision at sentencing” (id. at 776 [emphasis supplied and internal quotation marks omitted]). The Appellate Division, Third Department, in a case very close to the one at bar, dismissed an inmate’s CPLR article 78 proceeding brought to prohibit the Department of Correctional Services from adding PRS to his sentence where the sentencing judge had failed to mention PRS (see Matter of Deal v Goord, 8 AD3d 769 [3d Dept 2004], appeal dismissed 3 NY3d 737 [2004], reconsideration denied 4 NY3d 795 [2005]).
In June of this year, the Second Circuit Court of Appeals took a strikingly different position with respect to PRS. In Earley v Murray (451 F3d 71, 75-76 [2d Cir 2006], reh denied 462 F3d *393 147 [2006]), a state prisoner brought a habeas corpus action in federal court challenging imposition of PRS by the New York State Department of Correctional Services. The Second Circuit, relying heavily upon Hill v United States ex rel. Wampler (298 US 460 [1936]),[1] ruled that federal constitutional law prohibits the Department of Correctional Services from adding PRS to any determinate sentence if the court did not impose such a term at sentencing (Earley, 451 F3d at 75). The court reasoned that “[t]he judgment of the court establishes a defendant’s sentence, and that sentence may not be increased by an administrator’s amendment,” and that “[a]ny alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect” (id.). As enunciated in the Earley decision, a term of postrelease supervision can be added only by the trial court at a resentencing proceeding (id. at 76).
A number of courts since then have attempted to come to grips with the Earley decision. In People v Cephus (13 Misc 3d 1211[A], 2006 NY Slip Op 51779[U] [Sup Ct, Kings County 2006]), defendant, as relevant here, moved to set aside her sentence on grounds, inter alia, that the sentencing judge did not mention PRS when the sentence was pronounced. The court observed that the Second Circuit Court of Appeals had recently issued the Earley decision (supra) which held that PRS could not be administratively added to a sentence by the Department of Correctional Services. The court granted defendant’s motion and directed that defendant be returned to the court for purposes of amendment of her sentence or for resentencing.
People v Ryan (13 Misc 3d 451 [Sup Ct, Queens County 2006]) dealt with a situation where the sentencing court had expressly included 21l% years of PRS in defendant’s sentence. The problem here was that the court had erred in that the defendant, as a second felony offender, was subject to a mandatory term of five years’ PRS, which was not subject to reduction. In addition, the sentence and commitment form was silent with respect to PRS. The New York State Department of Correctional Services administratively added five years’ PRS to defendant’s sentence. Defendant made a motion to amend his certificate of commit *394 ment to reflect only 2V2 years of PRS. Supreme Court initially denied the application in a decision dated April 26, 2006. The court subsequently granted reargument and, relying upon the Earley decision (supra), granted the application, holding that the defendant was entitled to enforcement of the sentence as originally imposed.
In People v Keile (13 Misc 3d 1204[A], 2006 NY Slip Op 51684[U] [Sup Ct, NY County 2006]), the sentencing court had failed to include PRS in defendant’s sentence. The defendant made a motion to vacate his guilty plea or modify his sentence. The court in considering Earley (supra), ultimately resolved the problem by directing that the defendant be resentenced to include PRS. In doing so the court commented that “[t]his defendant, numerous other defendants . . . , the Department of Correctional Services, this court, and other courts need guidance about how to proceed in this situation” (Keile, 2006 NY Slip Op 51684[U], *3).
Matter of Waters v Dennison (13 Misc 3d 1105 [Sup Ct, Bronx County 2006]) involved a situation where the Department of Correctional Services administratively added five years of PRS to the petitioner’s sentence, where the sentence was silent on the issue. The petitioner was declared delinquent while on parole. The petitioner commenced a CPLR article 78 proceeding for an order vacating the PRS and the parole violation warrant.[2] Supreme Court reviewed many of the Fourth Department cases cited herein, as well as the Earley case (supra) and the Keile case (supra). The court in Waters followed the holding in Earley, and found the imposition of PRS to be unlawful. The court vacated the PRS and vacated the parole violation warrant. The court commented, “Therefore, it is this court’s opinion that DOCS’ ‘custom’ of imposing PRS where the judiciary has failed to do so at the time of sentencing constitutes an administrative action that falls beyond the authority of the department and thus it is unlawful” (Matter of Waters v Dennison, 13 Misc 3d at 1111).
People v Sparber (34 AD3d 265 [1st Dept 2006]) has similarities to the case at bar from the standpoint that it was a court *395 clerk who added PRS to petitioner’s sentence (by inserting PRS in the sentence and commitment) when the court neglected to do so. The First Department commented:
“The Penal Law does not merely direct or require a court to impose PRS when imposing a determinate sentence; instead, it provides that ‘Each determinate sentence also includes, as a part thereof', an additional period of post-release supervision’ (Penal Law § 70.45 [1] [emphasis added]), which, in defendant’s situation, is precisely five years (Penal Law § 70.45 [1]). Therefore, even though the court’s oral sentence was silent as to PRS, it necessarily included a five-year term thereof (see People v Crump, 302 AD2d 901 [2003], lv denied 100 NY2d 537 [2003]; People v Thweatt, 300 AD2d 1100 [2002]; People v Bloom, 269 AD2d 838 [2000], lv denied 94 NY2d 945 [2000]). Furthermore, the court, acting through its court clerk, set forth the PRS provision in the commitment sheet, thereby satisfying any constitutional requirement that a sentence be ‘entered upon the records of the court’ (Hill v United States ex rel. Wampler, 298 US 460, 464 [1936]; compare Earley v Murray, 451 F3d 71, 75-76 [2d Cir 2006]). We see no constitutional infirmity in the use of a written document to clarify an aspect of a sentence upon which the court’s oral pronouncement was silent (see e.g. United States v Pugliese, 860 F2d 25, 30 [2d Cir 1988], cert denied 489 US 1067 [1989]), particularly where, as here, the relevant portion of the written document performs the ministerial function of setting forth a provision already included in the sentence by operation of law (see United States v Cofield, 233 F3d 405, 406-408 [6th Cir 2000], cert denied 532 US 952 [2001]).” (People v Sparber, 34 AD3d at 265-266 [second emphasis supplied].)[3]
This court has difficulty reconciling the decision in Earley (supra) with the Third Department’s decision in Matter of Deal v Goord (8 AD3d 769 [2004], supra). As previously indicated, the petitioner inmate in Deal commenced a CPLR article 78 *396 proceeding in the nature of prohibition against the Commissioner of Correctional Services to prevent him from adding PRS to his sentence. The Appellate Division found that inasmuch as the petitioner was given a determinate sentence, PRS was “automatically included” under Penal Law § 70.45. (Matter of Deal v Goord, 8 AD3d at 769.) The Court commented, “Since respondents are enforcing a statutorily-required part of petitioner’s sentence, they have not performed any judicial function, making prohibition an unavailable remedy” (id. at 770). Distilled down to its essence, Earley, on the one hand, holds that the imposition of PRS is a “judicial act” (see Earley v Murray, supra at 76). Deal, on the other hand, holds that the administrative imposition of PRS is not a “judicial function” (see Deal v Goord, supra at 770). For good measure, the First Department, in Sparber (supra), appears to depart from the Earley decision (supra) by holding that the court clerk who added PRS to the commitment sheet was performing a “ministerial function of setting forth a provision already included in the sentence by operation of law” (People v Sparber, 34 AD3d at 266).
The court is mindful that the decision in Earley, while it may be treated as useful and persuasive, is not binding (see People v Kin Kan, 78 NY2d 54, 59-60 [1991]), while the Deal decision (supra) is binding. The court finds that the determination of the respondent to include five years of PRS in petitioner’s sentence was not a judicial act, and was not improper or unlawful. PRS, by operation of law, automatically became a part of the sentence, once a determinate sentence was pronounced (see Penal Law § 70.00 [6]; § 70.45). The court has reviewed and considered petitioner’s remaining arguments and contentions and finds them to be without merit.
The court finds that respondent’s determination to add five years’ PRS to petitioner’s sentence was not made in violation of lawful procedure, is not affected by an error of law, and is not irrational, arbitrary and capricious, or an abuse of discretion. The court concludes that the petition must be dismissed.
Accordingly it is ordered and adjudged that the petition be and hereby is dismissed.

. In Wampler, a court clerk, pursuant to local practice, and with the court’s knowledge, added to defendant’s sentence the condition that defendant remain in custody until the fine imposed as part of his sentence was paid. The United States Supreme Court found that the clerk did not have the power to alter the sentence imposed by the court and that the added condition was void (Wampler, 298 US at 462, 465).

. As noted, the PRS in Waters had been administratively imposed by the Department of Correctional Services by reason that the sentence did not mention PRS. Petitioner was released to PRS on November 26, 2004. He was declared delinquent on January 4, 2006. On February 23, 2006, petitioner was found to have violated the conditions of parole and a delinquent time assessment of 12 months was imposed.

. See also People v Lingle, 34 AD3d 287 (1st Dept 2006) (which is distinguishable from the case at bar by reason that the sentencing judge, who failed to mention PRS when he orally pronounced sentence, signed the written commitment sheet and worksheet).